WOLLMAN, Circuit Judge,
dissenting.
As I read the record, Taylor raised no challenge to the lawfulness of the stop and impoundment of his vehicle. As noted by the district court, “The impoundment issue is no longer challenged, in the briefing of objections, which concentrate on the inventory question.” D. Ct. Order at 1.
Thus, we are left with the question whether the inventory search substantially complied with the city’s inventory policy. True enough, we can say, as did the district court of the search in Colorado v. Bertine, 479 U.S. 367, 369, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987), that the inventory of Taylor’s vehicle was performed in a “somewhat slipshod manner.” That said, I would hold that Officer Gillespie’s “mise, tool” description was sufficient to satisfy the requirements of the inventory search exception to the warrant requirement, whether or not it would have been sufficient to shield the city from liability had Taylor brought a claim for missing tools. “Mise, tools” may be the most bare-bones description one could settle upon, but it stands in contrast to the total lack of description of the clothing, food items, boxes, and other items that existed in United States v. Rowland, 341 F.3d 774 (8th Cir.2003), where the court was willing to assume that a literal listing of each and every article in the vehicle was not required. I find no reason to question the truthfulness of Officer Gillespie’s statement that “I’m not familiar with that much of tools” and that she did not believe that she could accurately identify each one, nor the reasonableness of that explanation. There is no evidence that she was attempting to end-run or evade the policy’s requirement of a detailed inventory, a ploy that might well have constituted a career-ending decision had any of the tools turned out to be missing, or that she was acting in bad faith in conducting the inventory. See Bertine, 479 U.S. at 372, 107 S.Ct. 738.
In Rowland, it was the officers’ discretionary decision to choose which items to record, coupled with their investigatory motive, that constituted the “something else” that suggested that the police had raised the after-the-fact inventory banner that we cautioned against in United States v. Marshall, 986 F.2d 1171 (8th Cir.1993). There, we held that it was the lack of any evidence of the existence of standardized inventory procedures to guide the scope of *467 the investigating officers, coupled with the substantial evidence of an investigatory motive on the part of the police, that rendered the search of the vehicle unreasonable. Id. at 1175. We emphasized that our holding was not to be read as disturbing our decisions that recognize that the inventory search of a lawfully impounded vehicle is not invalidated merely because the officers suspect that the vehicle’s owner is involved in illegal activity. Id. at 1175-76. In rejecting the proposition that the subjective motivation of the searching officer is relevant in ruling on a Fourth Amendment claim, the Supreme Court has pointed out that
we have held in the context of programmatic searches conducted without individualized suspicion — such as checkpoints to combat drunk driving or drug trafficking — that “an inquiry into programmatic purpose” is sometimes appropriate. Indianapolis v. Edmond, 531 U.S. 32, 46, 121 S.Ct. 447, 148 L.Ed.2d 333 (2000) (emphasis added); see also Florida v. Wells, 495 U.S. 1, 4, 110 S.Ct. 1632, 109 L.Ed.2d 1 (1990) (an inventory search must be regulated by “standardized criteria” or “established routine” so as not to “be a ruse for a general rummaging in order to discover incriminating evidence”). But this inquiry is directed at ensuring that the purpose behind the program is not “ultimately indistinguishable from the general interest in crime control.” Edmond, 531 U.S. at 44, 121 S.Ct. 447. It has nothing to do with discerning what is in the mind of the individual officer conducting the search.
Brigham City, Utah v. Stuart, 547 U.S. 398, 405, 126 S.Ct. 1943, 164 L.Ed.2d 650 (2006).
I would hold that Officer Gillespie’s good faith generic description of the contents of Taylor’s van dispels any suggestion that it was an after-the-fact attempt to insulate the inventory search from a constitutional challenge. Accordingly, I would affirm the order denying the motion to suppress.